**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID NATHANIEL ROBERTS,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No. 2:20-CV-1194-WBS-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as Defendants: (1) the California Department of Corrections and Rehabilitation (CDCR); and (2) "Chief State Officer."  See ECF No. 1, pg. 1.  Plaintiff alleges a conspiracy by officials at California State Prison – Sacramento to victimize and target him.  See id. at 3.  Plaintiff states his claim relates to basic necessities, excessive force, mail, property, threat to safety, access to the court, exercise of religion, medical care, and retaliation, though he provides no factual support for these specific claims.  See id.

## II.  DISCUSSION

Plaintiff's compliant is deficient because CDCR is an immune defendant and Plaintiff does not name a proper defendant or otherwise provide factual support for his claims.

### A.  Immunity

The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states.  See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition extends to suits against states themselves, and to suits against state agencies.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).   A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc).

/ / /

As the state agency responsible for incarceration and correction of prisoners, Defendant CDCR is immune from suit under the Eleventh Amendment.

### B. Lack of Factual Support

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, Plaintiff's complaint is devoid of specific factual allegations linking any of his claimed legal theories to a named proper defendant. Plaintiff will be provided an opportunity to amend.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be

1  complete in itself without reference to any prior pleading.  See id.

2      If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the

3  conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See

4  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

5  each named defendant is involved, and must set forth some affirmative link or connection

6  between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

7  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

8      Finally, Plaintiff is warned that failure to file an amended complaint within the

9  time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

10  1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply

11  with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

12  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

13      Accordingly, IT IS HEREBY ORDERED that:

14      1.    Plaintiff's complaint is dismissed with leave to amend; and

15      2.    Plaintiff shall file a first amended complaint within 30 days of the date of

16  service of this order.

18  Dated:  April 8, 2021

19      DENNIS M. COTA
20      UNITED STATES MAGISTRATE JUDGE