UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ROBERTS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CDCR, et al.,<br><br>　　　　　Defendants. | Case No. 1:21-cv-01514-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION AND FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL<br><br>(ECF No. 23) |

　　　　Plaintiff David Roberts is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  The action was transferred from the United States District Court for the Eastern District of California, Sacramento Division on October 13, 2021.

　　　　On October 15, 2021, the Court screened Plaintiff's first amended complaint, found no claims to be cognizable, and granted Plaintiff thirty days to file a second amended complaint, but Plaintiff failed to do so.  (ECF No. 22.)  Accordingly, on November 30, 2021, the Court issued an order to show cause why the action should not be dismissed for failure to state a cognizable claim for relief, failure to prosecute, and failure to comply with a  court order.  (ECF No. 23.)  Plaintiff failed to respond to the Court's November 30, 2021 order and the time to do so has passed.  Therefore, dismissal is warranted.

///

1

# I.
# SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

# II.
# COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff contends he was subjected to excessive force by six or seven unnamed officers in Kern Valley State Prison (KVSP). (First Am. Compl. at 3.) Plaintiff alleges that he was handcuffed,

punched, kicked, and hit with a baton suffering broken ribs, broken teeth, busted lips, a swollen nose, a swollen cheekbone, a fractured jaw, cuts on his forehead, and bruises all over his chest. Id.

Plaintiff also alleges that he was also subjected to excessive force claim by officer Singh at Corcoran State Prison. Id. at 4. Plaintiff claims that Singh punched Plaintiff in the face and head between ten (10) and twenty (20) times after being transported from San Joaquin Valley Hospital in 2017. See id. Plaintiff suffered a cut lip, bloody nose, and cut in his head. Id.

Plaintiff further contends that his constitutional right to receive mail was violated. Id. at 5. Plaintiff claims that Long, Torres, Jones, and Peluso have been stealing Plaintiff's mail "everyday." Id. Plaintiff does not state where this allegedly occurred. "When they are working, I never see my expected mail, and it becomes lost." Id. Plaintiff states that his family and friends have been writing, but he never hears from them or sees their mail. Id. However, when Long, Torres, Jones, and Peluso are not working, Plaintiff will receive mail. Id.

## III.

## DISCUSSION

### A.   Joinder of Claims

Plaintiff is asserting claims against different defendants based on different events. However, Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Here, Plaintiff may not pursue unrelated claims against multiple defendants for unrelated events. For instance, Plaintiff may not pursue claims relating to separate instances of excessive force at different prisons against different Defendants, or claims of excessive force and interference with

3

right to receive mail.  As Plaintiff is attempting to bring multiple claims that arose from different and unrelated occurrences, his complaint violates Federal Rules of Civil Procedure 18 and 20.

### B. Excessive Force

"When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). To establish a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 6–7 (1992). In making this determination, the court may evaluate (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. Id. at 7; see also id. at 9–10 ("The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." (internal quotation marks and citations omitted)).

Plaintiff's allegations fail to demonstrate that Defendants used force maliciously and sadistically to cause Plaintiff harm, rather than in a good-faith effort to maintain or restore discipline. Indeed, Plaintiff does not provide what if any reasons were given by Defendants for their actions, whether Defendants engaged in other conduct to defuse the use of force, how much force was used, or why Plaintiff believes the amount of force was excessive. Although Plaintiff contends that he was subjected to force while handcuffed, the facts as alleged fail to give rise to a plausible inference that the actions of Defendants were malicious and sadistic for the purpose of causing harm to Plaintiff. While use of force after Plaintiff is handcuffed may show that force was used and could have been excessive, Plaintiff fails to provide specific factual allegations explaining the events and circumstances that led up to the alleged use of force.  Consequently, Plaintiff has failed to state a cognizable claim for excessive force in violation of the Eighth Amendment.

///

///

4

### C. Right to Receive Mail

With respect to incoming prisoner mail, prison officials have a responsibility to forward mail to inmates promptly. See Bryan v. Werner, 516 F.2d 233, 238 (3d Cir. 1975). Allegations that mail delivery was delayed for an inordinate amount of time and allegations of a pattern of interference with mail are sufficient to state a claim for violation of the First Amendment. See Antonelli v. Sheahan, 81 F.3d 1422, 1432 (7th Cir. 1996); Calihan v. Adams, No. 1:09-CV-1373 MJS (PC), 2011 WL 284467, at *3 (E.D. Cal. Jan. 26, 2011) (ongoing delays of between 21 and 35 days in receiving incoming mail sufficiently long to substantially burden plaintiff's First Amendment rights and chill his exercise of free speech). Any practice or regulation that unduly delays an inmate's incoming mail must be reasonably related to legitimate penological interests. See Turner v. Safley, 482 U.S. 78, 89 (1987).

But a temporary delay or isolated incident of delay does not violate a prisoner's First Amendment rights. See Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999) (policy of diverting publications through property room reasonably related to prison's interest in inspecting mail for contraband). Further, isolated incidents of mail interference without any evidence of improper motive or resulting interference with the right to counsel or access to the courts do not give rise to a constitutional violation, however. See Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990); Morgan v. Montanye, 516 F.2d 1367, 1370-71 (2d Cir. 1975) (no claim where letter from prisoner's attorney opened out of prisoner's presence in single instance).

Here, Plaintiff claims that Long, Torres, Jones, and Peluso have been stealing Plaintiff's mail "everyday." (First Am. Compl at 5.) Plaintiff does not state where this allegedly occurred. "When they are working, I never see my expected mail, and it becomes lost." Id. Plaintiff states that his family and friends have been writing, but he never hears from them or sees their mail. Id. However, when Long, Torres, Jones, and Peluso are not working, Plaintiff will receive mail. Id. Plaintiff's allegations are vague and conclusory without support as to how he knows he did not receive certain incoming mail.

///
///
///

## IV.

## FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE

Here, the Court screened Plaintiff's first amended complaint, and on October 15, 2021, an order issued providing Plaintiff with the legal standards that applied to his claims, advising him of the deficiencies that needed to be corrected, and granting him leave to file an amended complaint within thirty days. (ECF No. 22.) Plaintiff did not file a third amended complaint or otherwise respond to the Court's October 15, 2021 order. Therefore, on November 30, 2021, the Court ordered Plaintiff to show cause within fourteen (14) days why the action should not be dismissed. (ECF No. 23.) Plaintiff failed to respond to the November 30, 2021 order.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423). These factors guide a court in deciding what to do, and

are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to file an amended complaint and within thirty days of October 15, 2021 and has not done so. Accordingly, the operative pleading is the August 11, 2021 first amended complaint which has been found not to state a cognizable claim. Plaintiff's failure to comply with the order of the Court by filing an amended complaint hinders the Court's ability to move this action towards disposition. This action can proceed no further without Plaintiff's compliance with the order and his failure to comply indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. In order for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies in the operative pleading. Despite being ordered to do so, Plaintiff did not file an amended complaint or respond to the order to show cause and this action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's October 15, 2021 order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order." (ECF No. 22.) In addition, the Court's November 30, 2021, order to show cause specifically stated: "Failure to comply with this order will result in a recommendation for dismissal of the action for failure to state a cognizable claim for relief,

7

failure to comply with a court order and failure to prosecute." (ECF No. 23.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

## V.

## ORDER AND RECOMMENDATION

The Court has screened Plaintiff's complaint and found that it fails to state a cognizable claim. Plaintiff has failed to comply with the Court's order to file a second amended complaint or respond to the Court's order to show why the action should not be dismissed. In considering the factors to determine if this action should be dismissed, the Court finds that this action should be dismissed for Plaintiff's failure to state a cognizable claim, failure to obey the October 15, 2021 and November 30, 2021 orders, and failure to prosecute this action.

Accordingly, IT IS ORDERED that the Clerk of Court randomly assign a District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that this action be DISMISSED for Plaintiff's failure to state a claim, failure to comply with a court order, and failure to prosecute.

This Findings and Recommendation is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen **(14) days** of service of this Recommendation, Plaintiff may file written objections to this findings and recommendation with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The district judge will review the magistrate judge's Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 3, 2022**

UNITED STATES MAGISTRATE JUDGE